In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-057 CR


NO. 09-01-058 CR


NO. 09-01-059 CR


____________________



LARRY PAUL LEWIS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Court Cause Nos. 82082, 82510 and 82567






 O P I N I O N

 Appellant Larry Paul Lewis pleaded guilty to the offenses in three indictments --
two for possession of cocaine in an amount of less than a gram and one for delivery of
cocaine in that same amount. (1) See Tex. Health & Safety Code Ann. §§ 481.112(b),
481.115(b) (Vernon Supp. 2001). For each offense, the trial court sentenced Lewis to
eighteen months in a state jail facility with the sentences to run concurrently.

 After appeal was perfected, appellate counsel filed a brief in compliance with
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978). The brief concludes the records present
no arguable error which would support an appeal. Lewis was given an extension of time
in which to file a pro se brief if he so desired. Subsequently, Lewis retained counsel to
represent him on appeal. The State complains of hybrid representation presumably
because a brief by a retained counsel was filed after the Anders brief. The original
appellant counsel was allowed to withdraw before the retained appellate counsel made his
appearance in the case. There is no hybrid representation. Appellant has not filed a pro
se brief; retained counsel has filed a brief raising an arguable, though meritless, point of
error. 

 We first address the State's contention that this Court does not have jurisdiction
over the three appeals because of Lewis's failure to comply with the requirements of the
Texas Rules of Appellate Procedure. See Tex. R. App. P. 25.2(b)(3). (2) Generally, in a
criminal case, a defendant perfects an appeal by timely filing a notice of appeal in
compliance with rule 25.2(a). (3) In order to appeal from a judgment rendered on a
defendant's plea of guilty or nolo contendere where the "punishment [does] not exceed the
punishment recommended by the prosecutor and agreed to by the defendant," the notice
must specify that the appeal is for a jurisdictional defect, the substance of the appeal was
raised by written motion and ruled on before trial, or the trial court granted permission to
appeal. Tex. R. App. P. 25.2(b)(3). Lewis filed a general notice of appeal in each cause
number, rather than a notice conforming to the requirements of the rule. We hold Lewis
was not required to comply with Rule 25.2(b)(3), and his general notice of appeal confers
jurisdiction upon us.

 The State maintains that Lewis pleaded guilty to the offenses pursuant to plea
bargains that capped his punishment at eighteen months. We disagree; there was no plea
bargain agreement. In each case the clerk's record contains a document in the plea papers
entitled "Unagreed Punishment Recommendations," stating that the State and defendant
"disagree as to what the proper punishment should be in this case." The document reflects
the State "recommended " a cap of eighteen months in the state jail facility, while Lewis
"recommended" probation. In two of the cause numbers, the page entitled "Agreed
Punishment Recommendation" (immediately preceding the page on the unagreed
recommendations) is left blank as to any agreement on punishment. In the third offense,
the entire page of the document entitled "Agreed Punishment Recommendation is crossed
out with an "X." During the plea hearing, the trial judge stated as follows:

 THE COURT: The last thing, Mr. Lewis, is that this is what is called an
unagreed plea.

 The District Attorney has made an agreement with you that in no
event should you receive a sentence of more than 18 months in the State Jail.

 You and [your attorney] are asking for probation.

 What's going to happen if we go forward this way is I'm going to get
a report about what you did, about who you are, your background,
everything we can find out about you; good and bad.

 We're going to come back here and I'm going to make a decision
after listening to what everybody has to say. 


The record is somewhat confusing. The plea papers clearly show the guilty plea is
unagreed. Although the trial judge at one point in the plea hearing indicates the State and
the defendant have an "agreement" of an eighteen month cap, we believe the remainder 

of the trial judge's treatment of the plea demonstrates the plea is unagreed: the defendant
requested probation at the sentencing hearing; the State urged an eighteen month sentence. 
 The trial judge's treatment of Lewis's guilty plea in each of the three cases is
consistent with a guilty plea without a plea bargain. Our review of the record indicates
that both the trial court's treatment of the plea and the plea papers demonstrate the pleas
were unagreed. That being the case, appellant's general notice of appeal is sufficient to
confer jurisdiction. 

 In a single point of error, Lewis contends his trial counsel was ineffective in failing
to convey to him the State's "prior recommendation" on punishment. In addition, he
appears to argue his plea was rendered involuntary because he thought he would receive
a lower sentence than he did. The "gist" of his complaint seems to be that defense counsel
failed to convey the State's offer of a plea bargain, gave appellant erroneous advice, and
thereby rendered ineffective assistance of counsel. 

 The test for ineffective assistance of counsel is set out in Strickland v. Washington,
466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Ex parte Varelas, 45 S.W.3d
627, 629 (Tex. Crim. App. 2001). The defendant must first demonstrate his trial counsel's
performance was deficient. Id. Second, he must show counsel's performance prejudiced
his defense at trial. Id. "Any allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged ineffectiveness." See
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Counsel is presumed to
have rendered adequate assistance and to have made all significant decisions in the exercise
of reasonable professional judgment. Ex paret Varelas, 45 S.W.3d at 629. "In most
cases, the record on direct appeal is 'inadequate to develop an ineffective assistance claim'
because 'the very ineffectiveness claimed may prevent the record from containing the
information necessary to substantiate such a claim.'" Id. at 629-30 (quoting Ex parte
Torres, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997)). 

 Here, Lewis's claims -- that his plea was involuntary and that trial counsel was
ineffective in failing to convey a prior punishment recommendation to him and in giving
him erroneous advice -- are not supported by the record. See Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994) (Because of lack of evidence in the record
regarding claims of ineffective assistance, court could not conclude counsel's performance
was deficient.). No motion for new trial was filed, and no evidence was presented to
substantiate appellant's claim. Because appellant's assertions are wholly unsupported by
the record before us, we overrule the point of error. The judgments in cause numbers
82082, 82510 and 82567 are affirmed. 

 AFFIRMED. 

 PER CURIAM



Submitted on November 20, 2001

Opinion Delivered December 5, 2001

Do not publish


Before Walker, C.J., Burgess, and Gaultney, JJ.

1. In a single proceeding, the trial court found Lewis guilty of each offense. After
reviewing evidence in the form of a pre-sentence investigation report and hearing
arguments of counsel, the trial judge sentenced Lewis in each cause. In appealing his three
convictions, Lewis submits one brief with a single point of error. For purposes of judicial
economy, we dispose of the three appeals in a single opinion.
2. The State refers to rule 40, the predecessor of Tex. R. App. P. 25.2(b)(3). 
3. Notice is sufficient if it is given in writing, filed with the clerk, and shows the
party's desire to appeal. Tex. R. App. P. 25.2(b).